JUDICIAL WATCH OF FLORIDA,
INC., Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE,
et al., Defendants.

No. CIV. A. 01–0212(JR).

United States District Court,
District of Columbia.

Aug. 20, 2001.

Larry Klayman, Judicial Watch, Inc., Washington, DC, Counsel for Plaintiff.

Ori Lev, U.S. Department of Justice, Civil Division, Washington, DC, Counsel for Defendants.

## MEMORANDUM

ROBERTSON, District Judge.

Defendants move for summary judgment in this Freedom of Information Act action, arguing that plaintiff has abandoned its requests. The motion will be granted.

Judicial Watch of Florida made FOIA requests to the Immigration and Naturalization Service and to the Office of Information Privacy (OIP) in the Attorney General's Office in April 2000, seeking information related to the rescue of Elian Gonzalez. INS promptly responded, telling Judicial Watch in May 2001 (twice) that narrowing its requests would help speed up the search and production process. Judicial Watch did not narrow its requests. Instead, on June 14, 2000, it filed this FOIA action, in the Southern District of Florida.[1]

On July 21, 2000, INS notified Judicial Watch that it had located 42,000 pages of responsive material; that an estimated 11,000 pages likely qualified for a fee waiver but 31,000 pages did not qualify; that Judicial Watch's request for a blanket fee waiver was denied; and that INS estimated that total copying costs would be $3090. INS also informed Judicial Watch that the requests would not be processed until the $3090 was paid; that Judicial Watch might contact INS to find ways of reformulating the search at lower costs; and that Judicial Watch still owed INS $231.70 from its last FOIA request and that failure to pay this balance in a timely manner would affect the processing of its request. Judicial Watch did not respond to this notice. After nearly ten months had elapsed, INS wrote to Judicial Watch again, informing it that the processing of the Gonzalez request was suspended pending Judicial Watch's payment of its $231.70 balance and payment in advance or agreement to pay the $3090 estimated duplication costs of its current request.

1. Defendants moved on August 7, 2000, for transfer to this court under 28 U.S.C. § 1404(a). That motion was granted by the Florida district court on January 5, 2001.

On May 16, 2001, I held a status conference. At that time I noted that, except for a notice of appearance filed in February 2001, plaintiffs had taken no action in the case. I asked plaintiff's counsel if the case was still alive. Yes, was the answer, and we wish to pursue it. At that point, government counsel mentioned the impasse over copying fees and asked that the government not be put to the expense and burden of filing a motion for summary judgment if Judicial Watch was simply going to respond by paying the fees. I ordered Judicial Watch to notify the government within ten days whether it intended to pay the fees or whether the government should file its motion. On May 29, 2001, Judicial Watch effectively invited the government to file its summary judgment motion, stating that it would pay duplication fees "if the Court does not grant Plaintiff a fee waiver." The government then filed its motion (sixteen pages of undisputed facts, twenty-two pages of argument, twenty-four attachments) on June 19, 2001.

Judicial Watch's "simple" opposition to that motion was to withdraw its request for the 31,000 documents that were the only reason the motion had to be filed. This maneuver appears to the Court to have been done quite deliberately, and probably with some malicious glee, in the manner of the Road Runner besting Wylie Coyote once again. In the context of plaintiff's handling of this whole matter, however—from its failure to respond to the INS invitation to narrow its request, to its failure to prosecute the case at all until prodded by the Court, to its forked-tongue response to the Court's order that it notify the government whether or not it would pay the duplication fees—the maneuver is not funny, and is indeed sanctionable.

I find that Judicial Watch has abandoned its FOIA request. Defendants' motions for summary judgment will be grant-ed. An appropriate order accompanies this memorandum.

### ORDER

For the reasons stated in the accompanying memorandum, it is this—day of August, 2001,

ORDERED that defendants' motions for summary judgment [## 8,9] are **granted.**